UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD ALLEN MITCHELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:14-cv-293-JMS-MJD |
| MARK SEVIER, | ) ) ) |
| Respondent. | ) ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

For the reasons explained in this Entry, Richard Mitchell's petition for writ of habeas corpus must be dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I.**

**A. Background**

Richard Mitchell is confined at an Indiana prison serving a sentence imposed following his trial in the Kosciusko Circuit Court and his conviction for robbery and for possession of a firearm by a serious violent felon. These convictions are based the jury finding that Mitchell robbed the Stimulators Gentlemen's Club in North Webster, Indiana on the evening of August 11-12, 2003. Mitchell's convictions were affirmed on direct appeal in *Mitchell v. State,* No. 43A04-0604-CR-00220 (Ind.Ct.App. April 10, 2007). A habitual offender determination was reversed in that same appeal.

Mitchell now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) and as an adjunct to that petition seeks an evidentiary hearing. His habeas claims were not included in his direct appeal. Mitchell's custodian opposes issuance of a writ of habeas corpus, arguing in part that the habeas petition presents unexhausted claims and that the petition itself was filed beyond the applicable statute of limitations.

### B. Discussion

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005).

Under Indiana law "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that). This procedure provides a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

Following his direct appeal, Mitchell filed an action for post-conviction relief. He then withdrew that action before a ruling on the merits was made. He has not shown that the Indiana state courts are unavailable to him to litigate his habeas claims. The exhaustion of available and meaningful state court remedies is required by the federal habeas statute. *See Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.")(internal quotations omitted). His petition is therefore premature. The court elects to not address the respondent's statute of limitations argument at this point, for dismissal of a petition containing unexhausted claims will be without prejudice, while the dismissal of a habeas petition on statute of limitations grounds is an adjudication on the merits. *See, e.g., Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [28 U.S.C. § 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006). Here, no stay is appropriate because (a) the statute of limitations appears to have already expired, and (b) a fully unexhausted federal habeas petition may not be stayed, but must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.").

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). Mitchell has not exhausted his habeas claims in the Indiana state courts, which remain open to him. His petition for a writ of habeas corpus is therefore dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Mitchell has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: January 15, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD ALLEN MITCHELL
DOC #875730
Westville-CF
Westville Correctional Facility
Electronic Filing Participant – Court Only

Electronically Registered Counsel